UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-Civ-24400-COOKE/TORRES

BP p.l.c., and BP AMERICA, INC.,

    Plaintiffs,

v.

BP GAS ENERGY, LLC,

    Defendant.

_____/

# FINAL JUDGMENT

Plaintiffs, BP p.l.c. and BP America, Inc. ("BP"), and Defendant BP Gas Energy, LLC ("BP Gas Energy"), hereby stipulate to entry of final judgment as follows:

**Jurisdiction & venue**:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) because BP's claims arise under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* (the Lanham Act). This Court has jurisdiction over the Florida statutory and common law claims in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over BP Gas Energy because it resides in this judicial district.

3. Venue is proper in this district under 28 U.S.C. § 1391(a) because BP Gas Energy resides in this judicial district and under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

**Findings of fact**:

4. BP is engaged in the business of producing, developing and supplying oil and gas, marketing gasoline, diesel fuel and other petroleum products, and related goods and services in the energy, oil and gas industries in Florida and throughout the United States.

5. BP has spent hundreds of millions of dollars promoting and advertising its products sold under the BP name and mark, and has sold billions of dollars' worth of products under the BP name and mark in the United States.

6. BP owns several federal registrations for its BP mark in a variety of formats and for a variety of goods and services, including the following federal registrations:

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
| --- | --- | --- | --- |
| BP | 893,036 | 6/16/1970 | Operation of automobile service stations, refueling and supplying lubricating oils and greases to aircraft and marine vessels. |
| BP | 902,807 | 11/17/1970 | Credit financing services for automobile service stations, marine and aviation terminals, specifically, for extending credit card services to others. |
| BP | 928,078 | 2/1/1972 | Gas, other than fuel gas, derived from petroleum, namely, liquefied petroleum gas and hydraulic fluids, not being oils. |
| BP | 928,128 | 2/1/1972 | Industrial oils, other than edible oils and fats and essential oils, and fuels, all being goods derived from petroleum. |
| bp (logo) | 3,515,941 | 7/29/2008 | Fuel for motor vehicles, namely, gasoline and diesel fuel; motor oils; Providing automatic vehicle washing services; automobile maintenance and repair services and automobile service station services; Café and snack bar services; restaurant services and carry-out restaurant services. |
| BP | 4,128,850 | 4/17/2012 | Automobile service stations; refueling and lubrications services for aircraft. |

7. BP Gas Energy is engaged in the business of converting diesel vehicles to natural gas power.

8. BP Gas Energy owns and maintains a website at <bpgasenergy.com> through which BP Gas Energy advertised and sold its services under the name and mark BP GAS ENERGY.

**Conclusions of law**:

9. All of the registrations of BP noted above are valid and subsisting. Reg. Nos. 893,036; 902,807; and 928,128 are incontestable and constitute conclusive evidence of (a) the validity of the marks and (b) of BP's ownership of and exclusive right to use the BP marks subject to these registrations for the goods and services specified therein. 15 U.S.C. §§ 1065, 1115(b). The remaining registrations of plaintiff BP all constitute *prima facie* evidence of the validity of the BP mark, as well as BP's ownership of and exclusive right to use these marks for the listed goods and services. 15 U.S.C. § 1057(b).

10. BP Gas Energy's use of the BP GAS ENERGY name and mark in connection with goods and services related to those sold by BP under the BP name and mark is likely to cause confusion, mistake or deception with BP or the goods and services sold under the BP name and mark, and is likely to dilute the distinctive quality of the famous BP name and mark.

11. BP Gas Energy's use of the BP GAS ENERGY name and mark constitutes:

 (a)   trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114;

 (b)   unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a);

 (c)   dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c);

 (d)   dilution in violation of Florida Statutes section 495.151;

 (e)   unfair competition in violation of Florida Statutes section 501.204; and

 (f)   unfair competition in violation of Florida common law.

**Relief granted**:

12. BP Gas Energy, its agents, servants, employees, successors and assigns, and all others in active concert or participation with them, including, without limitation, PBA Energy, LLC, are permanently enjoined and restrained from:

(a) using the name and marks BP, BP Gas Energy, or any other trade name, corporate name, domain name, or mark that incorporates "BP" or that simulates or is otherwise likely to cause confusion with the BP name and mark;

(b) using any other mark or trade dress owned by BP or any other colorable imitation of such marks, or any other mark in a manner that is likely to confuse, mislead or deceive others into believing that BP Gas Energy or its products emanate from, or are connected with, sponsored by or approved by BP;

(c) owning and operating a website at the domain name <bpgasenergy.com>;

(d) doing any other act or thing likely to confuse, mislead or deceive others into believing that BP Gas Energy or the goods and services sold, distributed, or emanating from properties under BP Gas Energy's control are connected with, sponsored by or approved by BP; and

(e) assisting, aiding, or abetting any other person or entity in engaging in any of the activities prohibited in paragraphs (a) through (d).

13. Each party shall bear its own costs.

14. This Court shall retain jurisdiction over this action for purposes of construing and ensuring compliance with this Final Judgment.

15. **DONE and ORDERED** in chambers, Miami, Florida, this 31st day of July 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*